## Newsam vs. Finch.

The making of a payment upon a note before it is legally demandable, is a sufficient consideration for an agreement between the holder and the maker, that the time for the payment of the balance of the note shall be extended until it is convenient for the latter to pay it.

And the effect of such an agreement will be to postpone the time for the payment of the balance after the note shall become due, by its terms, for such period as, under all the circumstances of the case, shall be reasonable.

Such an extension of the time for payment, if made without the consent or knowledge of a surety in the note, will discharge him from all liability on the note, as such surety.

Where a chattel mortgage, executed by N. to F., was conditioned for the payment to the latter of a note made by N. and signed by F. as surety, payable to C. and W.; and it was fairly to be inferred, from the evidence, that F. received the mortgage merely for his indemnity as surety; *Held* that he, after being discharged as surety, could not allege a default in the condition of the mortgage, by the non-payment of the note at the time originally provided for its payment.

*Held, also,* that payment to C. and W., the owners of the note, would preclude the enforcing of the mortgage, as to the note; and so, in like manner, would a valid agreement between them and N., postponing the payment, during the period of postponement.

It being expressly provided in such mortgage, that until default in the payment of the debt, N. the mortgagor, should have the possession of the property, unless F. should sooner demand the same; and F. having taken possession of the property, without the knowledge or consent of N., before any default had occurred, and without any demand of possession made; *it was further held,* that an action would lie against him by N., to recover the possession of the mortgaged property.

APPEAL from a judgment entered at a special term. The action was brought to recover the possession of personal property, and damages for the detention thereof. The defendant justified the taking under and by virtue of a chattel mortgage, executed to him by the plaintiff. The cause was referred to a referee, who reported the following facts:

That the defendant took the property mentioned in the complaint from the possession of the plaintiff on the 29th day of March, 1853, without the knowledge of the plaintiff, and without having made any demand of the plaintiff for said property; and that the value of the property so taken was $300; that

said property was detained from the plaintiff ten days, and that the damage for such detention was $2 per day, making $20. That the property so taken was, on the 13th day of September, 1852, mortgaged by the plaintiff to the defendant, to secure the payment of two promissory notes, as follows : one of said notes was for $90 and interest, payable to said Finch or bearer, at the Livingston County Bank, eight months from date; the other was for $25, payable to Chamberlin & Wood, in 30 days from date, and was signed by said Finch as security; both of said notes dated the 13th day of September, 1852. That the aforesaid mortgage contains a provision in the following words, viz : "And until default be made in the payment of the aforesaid sum of money, the said party of the first part to remain and continue in quiet and peaceable possession of the said goods and chattels, and the full and free enjoyment of the same, unless the said party of the second part, his executors, administrators or assigns, shall sooner choose to demand the same." That before said $25 note was due, the plaintiff paid to Henry Chamberlin, one of the payees of said note, at his request, $10, to apply on said note; in consideration of which payment being so made, said Chamberlin agreed with the plaintiff, that the plaintiff might have his own time to pay the balance of said $25 note; that no demand was made, after that time, of the balance due on said note, and that said balance due on the note was paid before the commencement of this action, and before the tender of the $105, hereinafter mentioned. That before the action was commenced, the plaintiff tendered to the defendant $105, and demanded the property mentioned in the complaint; that the money so tendered was deposited in the Livingston County Bank, where said $90 note was made payable, and that the said defendant subsequently took so much of said money as paid said $90 note at its maturity; and that the money so as aforesaid tendered, was sufficient to pay said note, and expenses of taking and keeping said property up to time of said tender. And the referee found as conclusions of law, the following, viz : That at the time the defendant took said property, as hereinbefore stated, there was no default in the payment of the money

secured by said mortgage, and that said defendant wrongfully took said property. That said defendant wrongfully detained said property after the plaintiff tendered the aforesaid sum of $105, and paid up the $25 note. And that the plaintiff was entitled to judgment for the possession of said property, and $20 damages for the detention thereof, besides costs.

Judgment was entered accordingly, and the defendant appealed.

*Charles C. Wilson*, for the appellant.

*W. H. Kelsey*, for the respondent.

*By the Court*, T. R. STRONG, J. It was quite uncertain upon the evidence, whether the payment of the ten dollars by Newsam to Chamberlin was before or after the note became due. The referee has found it was before ; and in accordance with the general rule in such cases, his decision of the question is final.

The making of the payment before it was legally demandable, was a sufficient consideration for the agreement between Chamberlin and Newsam, that the time for the payment of the balance of the note should be extended until it should be convenient for the latter to pay it ; and the effect of that agreement was, to postpone the time for the payment of the balance after the note should become due by its terms, for such a period as under all the circumstances of the case should be reasonable. (*Howes' Executor* v. *Woodruff*, 21 *Wend.* 640.)

This extension of the time for payment, by a valid and binding agreement, without, so far as appears, the consent, or even knowledge at the time, of Finch, the surety of Newsam in the note, discharged Finch from all liability on the note as such surety. And although the mortgage from Newsam to Finch was conditioned for the payment of the note to the latter, as it appears the note was held by the firm of Chamberlin & Wood, to whom it was payable, and it is fairly to be inferred from the evidence that Finch received the mortgage merely for his indem-

Newsam *v.* Finch.

nity as surety, he, after being thus discharged, could not allege a default in the condition of the mortgage by the non-payment of the note at the time originally provided for its payment. Payment to Chamberlin & Wood, the owners of the note, would preclude the enforcing of the mortgage as to the note; and so, in like manner, does a valid agreement between them and Newsam postponing the payment during the period of postponement.

The finding of the referee, that at the time the defendant took the property under the mortgage, no default in performing the conditions of the mortgage had occurred, involves the conclusion that a reasonable time for the payment of the note according to the agreement of extension had not elapsed; and the court cannot upon the evidence, in the absence of all proof as to the circumstances to be regarded on that question, say that the referee erred in that conclusion.

Although Finch was discharged from liability on the note, he might enforce the mortgage given as security to him for its payment, for the benefit of Chamberlain & Wood, the creditors in the note, who had an equitable interest in the mortgage, but subject to any defense which might be set up as against them.

It was expressly provided in the mortgage, that until default in the payment of the mortgage debt, Newsam should have the possession of the property, unless Finch, his executors, administrators or assigns should sooner demand the same. No default had taken place, and the taking was without the consent or knowledge of Newsam, and without any demand of the property of him or of his agent who was then in possession of the property.

For the foregoing reasons, I think the judgment at special term was right, and should be affirmed.

[Monroe General Term, September 7, 1857. *Johnson, T. R. Strong* and *Welles,* Justices.]