PEOPLE ex rel. HENRY ELIAS BREWING CO. v. GASS, Register.

(Supreme Court, Appellate Division, First Department.   June 7, 1907.)

TAXATION—MORTGAGES—RECORD—LEASEHOLDS.

> Laws 1905, p. 2061, c. 729, as amended by Laws 1906, p. 1449, c. 532, § 293, imposes a tax on mortgages recorded after July 1, 1906, and section 290 defines the words "real property" to include everything, a conveyance of mortgage of which can be recorded as a conveyance or mortgage of real property under the laws of the state. Laws 1896, art. 8, p. 607, c. 547, provides for the recording of instruments affecting real property, and declares (section 240) that the term "real property" includes lands, tenements, hereditaments, and chattels real, except a lease for a term not exceeding three years, and the term "conveyance" to include every written instrument by which an estate or interest in real property is created, transferred, mortgaged, or assigned, except a will, a lease for a term not exceeding three years, etc. Section 241 provides that a conveyance of real property within the state, duly acknowledged by the grantor, etc., is entitled to record. *Held*, that a mortgage on certain leaseholds, each for a term of five years, but having less than three years to run when mortgaged, being duly acknowledged, etc., is a conveyance of real property entitled to record, and is subject to the payment of the mortgage tax.

Appeal from Special Term, New York County.

Application by the people, on relation of the Henry Elias Brewing Company, against Frank Gass, as register of the county of New York. From an order denying a petition for a peremptory mandamus to compel defendant to receive and record a mortgage on a leasehold without payment of a tax under Mortgage Tax Law 1906, Laws 1906, p. 1448, c. 532 (104 N. Y. Supp. 884), relator appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, LAMBERT, and SCOTT, JJ.

Arthur B. Hyman (Martin Paskus, on the brief), for appellant.
James A. Donnelly, for respondent.

CLARKE, J. On the 13th of October, 1906, the relator presented for recording to the register, a mortgage bearing date the 12th day of October, 1906, made by Patrick J. Gilroy to the relator to secure the payment to it of $4,500 on demand. The said mortgage covered two leases held by said Gilroy on certain premises in the county of New York made by Isabella Hart to Bernard Reilly, duly assigned by said Reilly to said Gilroy. Said leases were each for the term of five years; the unexpired terms whereof when mortgaged being less than three years. The register demanded the sum of $22.50 as the tax imposed pursuant to the provisions of chapter 729, p. 2059, Laws 1905, as amended by chapter 532, p. 1448, Laws 1906, relating to the taxation of mortgages.

Section 293 of the mortgage tax law imposes a tax on every mortgage of real property recorded on or after July 1, 1906. Section 290 of said act provides:

"The words real property and real estate, as used in this article, in addition to the definitions thereof contained in section 2 of this chapter, shall be understood to include everything, a conveyance or mortgage of which can be recorded as a conveyance or mortgage of real property, under the laws of the state. The words mortgage of real property, as used in this article, include every mortgage by which a lien is created over or imposed on real property or which affects the title to real property, notwithstanding that it may also be a lien on personal or other property, or that personal or other property may form part of the security for the debt or debts secured by such mortgage."

Article 8 of chapter 547, pp. 605–617, of the Laws of 1896, entitled "An act relating to real property, constituting chapter 46 of the general laws," providing for the recording of instruments affecting real property, in section 240 provides that:

"The term 'real property,' as used in this article, includes lands, tenements and hereditaments and chattels real, except a lease for a term not exceeding three years. * * * The term 'conveyance' includes every written instrument, by which any estate or interest in real property is created, transferred, mortgaged or assigned, or by which the title to any real property may be affected. * * * except a will, a lease for a term not exceeding three years, an executory contract for the sale or purchase of lands and an instrument containing the power to convey real property as the agent or attorney for the sale of such property."

Section 241 provides that:

"A conveyance of real property within the state and being duly acknowledged by the person executing the same, or proved as required by this chapter, and such acknowledgment or proof duly certified when required by this chapter, may be recorded in the office of the clerk of the county where such real property is situated."

It follows that the leases in the matter at bar, which were chattels real and were for five years and created an interest in real property, were conveyances which could be recorded, and as matter of fact were recorded. Therefore the written instrument by which such interest in real estate was mortgaged was a conveyance, and could be recorded. This mortgage thus comes within the recording act. Upon its tender,

duly acknowledged, and upon the payment of his recording fees, the register could be compelled to record it. Therefore, by the definitions of the tax law, it came within .the purview thereof and the tax was leviable thereon. The payment of the tax having been demanded and refused, the register had no right to record it. Hence the relator has failed to establish a legal right which can be enforced by a peremptory writ of mandamus.

The order appealed from should therefore be affirmed with costs. All concur.

INGRAHAM, J. (concurring). I concur with Mr. Justice CLARKE. A lease of real property for a term of years grants to the lessee the right to possession of the property for the term demised, and a mortgage upon such a lease creates a lien which affects the title to the real property within the definition of a "mortgage on real property," as used in section 293 of the tax law (as amended by chapter 532 of the Laws of 1906). By section 290 of that act it is provided that the words "mortgage of real property, as used in this article, includes every mortgage by which a lien is created over or imposed on real property or which affects the title to real property"; and, as a mortgage upon a leasehold interest in real property creates a lien upon an interest in real property, it affects the title to real property, and a tax is therefore imposed upon recording such a mortgage.

LAUGHLIN, J., concurs.