### PERRIN v. SMITH et al.

(Supreme Court, Appellate Division, First Department. December 10, 1909.)

1. SPECIFIC PERFORMANCE (§ 62*) — CONTRACTS ENFORCEABLE — CONTRACT TO FORM CORPORATION AND ELECT CERTAIN OFFICERS.

A court could not compel the specific performance of a contract to form a corporation, and compel that corporation, after it was formed, to elect certain specified persons as officers thereof at fixed salaries, and issue stock in a specified manner.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 188; Dec. Dig. § 62.*]

2. INJUNCTION (§ 57*)—INCIDENTAL EQUITABLE RELIEF—INJUNCTION.

An injunction will not lie to prevent the formation of a corporation, except under the terms of a written agreement for the formation thereof, where there are no negative covenants in the agreement to enforce, since such an injunction would be a negative specific enforcement of the contract, and jurisdiction would not attach, unless the contract is one of a class which will be affirmatively specifically enforced.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 113; Dec. Dig. § 57.*]

3. SPECIFIC PERFORMANCE (§ 122*)—PLEADING—DISMISSAL OF COMPLAINT—WANT OF EQUITY.

Where a complaint is framed in equity, and upon demurrer is held not to state an equitable cause of action, the complaint may be dismissed, except that, when an answer has been filed, the complaint should not be dismissed, if a cause of action was stated, no matter what relief was prayed; and hence, where a promoter of a corporation sued for specific performance of an agreement to organize such corporation, and, though the complaint stated no equitable cause of action, it alleged a cause of action for damages for breach of the contract, a motion for judgment upon the pleadings, dismissing the complaint, was properly denied.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 396; Dec. Dig. § 122.*]

Appeal from Special Term, New York County.

Action by Raymond S. Perrin against H. Bridgman Smith and another. From an order denying a motion for judgment upon the pleadings, dismissing the complaint (64 Misc. Rep. 289, 118 N. Y. Supp. 551), defendant Smith appeals. Affirmed.

See, also, 118 N. Y. Supp. 1048.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Alger & Simpson (George W. Alger, of counsel, and A. Wheeler Palmer, on the brief), for appellant.

Gilbert Ray Hawes (Irving Goldberg, on the brief), for respondent.

CLARKE, J. Appeal from an order denying a motion by the defendant H. Bridgman Smith for judgment upon the pleadings, upon the ground that the complaint does not state facts sufficient to constitute a cause of action as against said defendant.

The complaint alleges that the defendant Whipple invented or discovered a certain valuable chemical compound and process for insulating underground cables and for other electrical purposes, and in January, 1909, informed plaintiff of his said invention and requested him to secure a person or persons who would be willing to furnish the necessary capital to organize a corporation for the purpose of manufacturing and marketing the products thereof; that said Whipple agreed that, in case plaintiff was successful in securing such person or persons, plaintiff should receive such compensation for his said services as might be mutually agreed upon between such persons and Whipple and plaintiff; that thereafter plaintiff actively interested himself and carried on negotiations with various persons, and as a result finally succeeded in inducing the defendant Smith to agree to manufacture and market said products; that thereafter, on the 24th of February, 1909, an agreement in writing was entered into between plaintiff, Whipple, and Smith, wherein the compensation of plaintiff for the services which he had so rendered was agreed upon. A copy of that agreement was annexed to the complaint. It recites:

"Whereas, the party of the first part [Whipple] has made certain discoveries relating to oil insulation for electric cables and varnishes, apparently of material commercial value, and has associated the party of the second part [Perrin] with him to further the marketing thereof, and the party of the third

part [Smith] is willing to form and finance a company to manufacture and market the same, if he finds to his satisfaction, after investigation, that said discoveries are valuable commercially: Now, therefore, this agreement witnesseth that, in consideration of these presents and of $1 paid by each of the parties hereto to each of the others, receipt of which is hereby acknowledged, the parties hereto jointly and severally covenant and agree as follows: (1) The party of the third part [Smith] within 30 days from date is to investigate the commercial value of said discoveries, without expense to the other parties hereto, and if same is satisfactory is so to notify said other parties within said 30 days, and to forthwith incorporate a company to manufacture and sell the products made pursuant to said discoveries, with which company the parties hereto shall be associated as herein indicated. (2) The capital stock of said company is to be issued for said discoveries, and to be $100,000, of 1,000 shares, of the par value of $100 each, of which the party of the first part [Whipple] is to receive 200 shares, the party of the second part [Perrin] 200 shares, and the party of the third part [Smith] 600 shares, for which he is to pay the company $40,000 as is needed by it for capital and in installing its plant to supply its business."

It was further provided that the company was to have five directors, and immediately on its organization pay Whipple $2,000 for his said discoveries, which were to be written out in detail and placed in a safety deposit box in the name of the company. The company was to engage Whipple as its consulting engineer and chemist at a salary of $3,000 for the first year, payable in monthly installments, which salary was to be annually increased, if the business warranted, at the rate of $1,000 a year, until the same amounted to $10,000 yearly. Perrin was "to be president of the company, which will agree to pay him a salary of $5,000 yearly, to be increased as the business of the company warrants, and the said parties agree to accept said positions on the basis herein expressed." Smith was to be the treasurer. "All obligations hereunder shall terminate 30 days from date, unless favorable action be taken as above indicated."

The complaint proceeds: That within 30 days from the date of said written agreement Smith notified plaintiff and Whipple of his satisfaction with said invention and discovery, and promised and agreed to forthwith incorporate a company to manufacture and sell the products thereof, pursuant to the terms and conditions set forth in the agreement; that prior to the expiration of the 30 days mentioned favorable action was taken thereunder by the parties thereto, but, although plaintiff has made due demand therefor, Smith has not incorporated a company pursuant to the terms and conditions set forth in the agreement, but in violation thereof has refused and still refuses so to do, although plaintiff has at all times been ready and willing, and is now ready and willing, to perform the terms and conditions on his part to be performed. Upon information and belief: That in order to deprive plaintiff of his compensation for his said services as agreed upon in said written agreement, and in order to deprive him of the benefits which would accrue to him thereunder, defendants have conspired to and are about to organize a corporation for the purpose of manufacturing and marketing the products of said invention and discovery, which corporation will be composed of said defendant Whipple, and other persons acting in his behalf, and other persons acting in behalf of Smith, and with which corporation the plaintiff herein will not be associated, either as president or otherwise, and from which plaintiff has been en-

tirely excluded, so that he will not secure the shares of stock and salary reserved to him in said agreement; that great pecuniary loss will arise unless the defendants are compelled to organize the corporation in accordance with said written agreement; that plaintiff has no adequate remedy at law to recover damages, as the value of the 200 shares of stock of the corporation organized thereunder is extremely uncertain, and they have no present market value, as said corporation is not and will not be in existence. And the plaintiff demands: First, that the defendants specifically perform the said written agreement, and forthwith incorporate a corporation pursuant to the terms thereof, and issue or transfer to plaintiff the shares of stock therein mentioned; second, that said defendants and each of them, and all persons acting for them or in their behalf, be perpetually enjoined and restrained from organizing any corporation, or forming any firm or combination, to manufacture and market the products of said invention or discovery of said Whipple, except under the terms and conditions set forth in said written agreement; and, third, that plaintiff have such other and further relief in the premises as to the court may seem just.

No equitable cause of action has been set forth in the complaint. No court could compel the specific performance of a contract to form a corporation, and compel that corporation, after it was formed, to elect certain specific persons as officers thereof at a fixed salary. So far as the provisions in regard to the stock are concerned, in Clements v. Sherwood-Dunn, 108 App. Div. 327, 95 N. Y. Supp. 766, affirmed 187 N. Y. 521, 79 N. E. 1102, an action in equity to procure a specific performance of an alleged oral contract, by which the plaintiff claimed that the defendants had agreed to deliver to him certain shares of stock of a corporation in consideration of services rendered by him in promoting the company, this court reversed a judgment in favor of the plaintiff upon the ground that it was not one of equitable cognizance. The corporation in that case was in existence and had stock. How can a court compel a nonexistent corporation to issue and distribute nonexistent stock in a specified manner? An injunction will not lie to prevent the formation of a corporation, except under the terms of the written agreement; there being no negative covenants to enforce, as in Standard Fashion Co. v. Siegel Cooper Co., 157 N. Y. 60, 51 N. E. 408, 43 L. R. A. 854, 68 Am. St. Rep. 749.

The injunction here prayed is in aid of specific performance, and, as that may not be had, there is no ground for an injunction. In Fox v. Fitzpatrick, 190 N. Y. 259, 82 N. E. 1103, Judge Vann said:

"The equitable remedy of injunction by judgment, as distinguished from an injunction by order pendente lite, depends upon the incompleteness and inadequacy of the legal remedy. If issued to restrain the breach of a contract, it is a 'negative specific enforcement of that contract,' and jurisdiction does not attach 'unless the contract is one of a class which will be affirmatively specifically enforced.' "

The plaintiff did not furnish brains to the enterprise. He did not discover, or invent, or patent, or develop, or have anything to do with, the article which was the basis of the whole agreement. He was a mere promoter, who brought an inventor and a capitalist together.

There may have been a breach of contract; but that did not authorize an equitable action for specific performance or an incidental injunction.

It is the rule that where a complaint is framed in equity, and upon demurrer it has been decided that no equitable cause of action is stated, the complaint may be dismissed. Cody v. First National Bank, 63 App. Div. 199, 71 N. Y. Supp. 277; Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095; Kelly v. Downing, 42 N. Y. 71. But the same cases hold that, when an answer had been put in, the complaint should not be dismissed, if a cause of action was stated, no matter what relief was prayed. In the case at bar there is an answer, and there are issues of fact raised. Plaintiff has asked for such other and further relief as he may be entitled to.

The plaintiff has stated facts sufficient to constitute an action at law for damages for breach of contract. Although he has framed his complaint in equity, and has not alleged the amount of said damages, nor asked for a money judgment, it would have been error to have dismissed the complaint.

For these reasons, the order appealed from should be affirmed, with costs and disbursements to the respondent. All concur.

