There may have been a breach of contract; but that did not authorize an equitable action for specific performance or an incidental injunction.

It is the rule that where a complaint is framed in equity, and upon demurrer it has been decided that no equitable cause of action is stated, the complaint may be dismissed. Cody v. First National Bank, 63 App. Div. 199, 71 N. Y. Supp. 277; Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095; Kelly v. Downing, 42 N. Y. 71. But the same cases hold that, when an answer had been put in, the complaint should not be dismissed, if a cause of action was stated, no matter what relief was prayed. In the case at bar there is an answer, and there are issues of fact raised. Plaintiff has asked for such other and further relief as he may be entitled to.

The plaintiff has stated facts sufficient to constitute an action at law for damages for breach of contract. Although he has framed his complaint in equity, and has not alleged the amount of said damages, nor asked for a money judgment, it would have been error to have dismissed the complaint.

For these reasons, the order appealed from should be affirmed, with costs and disbursements to the respondent. All concur.

---

### PERRIN v. WHIPPLE et al.

(Supreme Court, Appellate Division, First Department.   December 10, 1909.)

Appeal from Special Term, New York County.
Action by Raymond S. Perrin against Doris Whipple and another. From an order denying a motion for judgment on the pleadings, dismissing the complaint (64 Misc. Rep. 289, 118 N. Y. Supp. 551), defendant Whipple appeals. Affirmed.
See, also, 118 N. Y. Supp. 1048.
Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.
A. Wheeler Palmer, for appellant.
Gilbert R. Hawes (Irving Goldberg, on the brief), for respondent.

CLARKE, J.   For the reasons stated in the opinion in Perrin v. Smith (handed down herewith) 119 N. Y. Supp. 990, the order appealed from should be affirmed, with costs and disbursements to the respondent. All concur.

---

### PENDLETON v. FRIEDMAN et al.

(Supreme Court, Appellate Division, First Department.   December 10, 1909.)

1. FRAUDULENT CONVEYANCES (§ 259*)—ACTION TO SET ASIDE—PLEADING RECOVERY OF JUDGMENT—COURT OF LIMITED JURISDICTION.
   In an action to set aside a fraudulent transfer of property, the complaint, which alleged that the judgment was recovered against the debtor in a Municipal Court and docketed in the office of the clerk of the county, and that supplemental proceedings thereon were duly instituted in the City Court, was fatally defective, for not stating facts showing that the Municipal Court had jurisdiction to render the judgment against the debt-