REICH v. COCHRAN et al.   (No. 5876.)

(Supreme Court, Appellate Division, First Department.   May 29, 1914.)

1. PLEADING (§ 49*)—THEORY OF THE CASE—EQUITABLE RELIEF.
    A complaint which is framed in equity, and seeks only equitable relief, is not good against demurrer unless it states a good cause of action in equity.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 107–111; Dec. Dig. § 49.*]

2. MORTGAGES (§ 608½*)—ABSOLUTE CONVEYANCE—ACTION FOR REDEMPTION AND ACCOUNTING—ADEQUACY OF LEGAL REMEDY.
    A complaint which alleged that the plaintiff assigned to defendant a lease for a term longer than three years, which under the statute is an interest in real estate, and also gave a bill of sale for the chattels on the premises as security for a loan, although the assignment and bill of sale were absolute in form, and that the defendant thereafter, against plaintiff's protest, entered upon the premises and took possession thereof and of the chattels, does not state a cause of action to have the conveyances declared mortgages and for a redemption and accounting, since the remedy at law by ejectment and for the recovery of the chattels was adequate.
    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1815; Dec. Dig. § 608½.*]

Appeal from Special Term, New York County.

Action by Lorenz Reich against Alexander S. Cochran and others. Interlocutory judgment overruling a demurrer to the complaint (84 Misc. Rep. 247, 145 N. Y. Supp. 1025), and defendant Alexander S. Cochran and another appeal.   Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Samuel Untermyer, of New York City, for appellants.
George E. Morgan, of New York City, for respondent.

SCOTT, J.   This is an action in equity to compel the executors of William F. Cochran, deceased, to account to plaintiff for said Cochran's acts as mortgagee in possession of a certain leasehold estate.

The leasehold in question is one created on February 24, 1886, by a lease from the trustees of the estate of William B. Astor, deceased, to plaintiff of the premises known as 328 to 334 Fifth avenue in the city of New York.   The lease was for the term of 5 years, which, upon the performance of certain conditions by the lessee, might be extended for 15 years longer, at the end of which extended term, provided there should then be on said premises certain specified improvements, the said trustees agreed either to pay to the lessee the value of such improvements, not exceeding $100,000, or grant a new lease for the term of 20 years.

It is alleged: That plaintiff made improvements on said property far in excess of the amount stipulated in the lease, and in order to do so borrowed $130,000 from said Cochran although Cochran claimed that he had advanced $275,000 to plaintiff, and threatened to institute legal

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

proceedings against said plaintiff. That plaintiff, induced by fear through said threat, did on February 1, 1888, execute to said Cochran an assignment of said lease, absolute in form, and a bill of sale of the chattels used in conducting the business of a hotel upon said premises, and at the same time accepted from said Cochran a lease, for the term of 18 years and 3 months. That at the same time Cochran executed an agreement to the effect that upon the fulfillment, by plaintiff, of the obligations of the lease, and the making of certain payments at any one of several specified dates, he (the said Cochran) would reassign the said lease and bill of sale to the plaintiff. It is then alleged that said Cochran did, on or about March 17, 1893, without the consent of plaintiff and against his protest, enter upon and take possession of said leased premises and of the furniture and fixtures and other property, and collected the rents, issues, and profits thereof until his death on December 27, 1901, and that defendants, his executors, continued in possession of said premises and property, and collected the rents, issues, and profits thereof until May 1, 1906, when they surrendered said lease to the trustees of the Astor estate, receiving and retaining the sum of $100,000, instead of accepting a renewal of said lease as they might have done and which would have been very valuable.

The plaintiff's claim is that the assignment of the lease and the bill of sale of the chattels from plaintiff to Cochran, although absolute in form, were in effect merely mortgages, and that, when Cochran went into possession in March, 1893, he became simply a mortgagee in possession, and that he and his executors remained merely mortgagees in possession until the surrender of the lease. It is alleged that, while so in possession, said Cochran and his executors realized profits greatly in excess of any sum for which plaintiff was ever indebted to said Cochran.

The prayer for relief is that the instruments above recited be declared to have been in fact but a mortgage to Cochran; that an account be taken of the profits realized by Cochran and his executors; that so much as is proper be applied to the repayment of whatever may be found to have been due from plaintiff to Cochran; and that plaintiff be allowed to redeem, or, if that be impossible, that he have judgment against defendants, as Cochran's executors, for the balance of said profits over and above the amount due to said Cochran.

[1] The complaint is framed in equity, and only equitable relief is asked. It must therefore be so tested when challenged by demurrer, and, unless it states a good cause of action in equity, it must be condemned. Perrin v. Smith, 135 App. Div. 127–131, 119 N. Y. Supp. 990; Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095; Cody v. First Nat. Bank, 63 App. Div. 199, 71 N. Y. Supp. 277.

So far as concerns the lease, it being for a longer term than three years, it is to be considered as an interest in real estate. People ex rel. Elias Brewing Co. v. Glass, 120 App. Div. 147, 104 N. Y. Supp. 885.

[2] Assuming, as we must upon this appeal, that the true relation between plaintiff and Cochran was that of mortgagor and mortgagee, it does not follow, upon the allegations of the complaint, that Cochran's re-entry and continued possession gave rise to any legal right to equitable relief to plaintiff. If the re-entry and possession had been with

plaintiff's consent, a different case would be presented (Mooney v. Byrne, 163 N. Y. 86, 57 N. E. 163), for there a relation of trust and confidence would have been created. But the distinct allegation is made that the re-entry was hostile; that it was "without the consent of the plaintiff and against his protest." Against such a re-entry the plaintiff's remedy at law was perfect, and there was no reason for a resort to equity. He might have brought ejectment and thus reinstated himself in possession. Barson v. Mulligan, 191 N. Y. 306, 84 N. E. 75, 16 L. R. A. (N. S.) 151.

So far, therefore, as concerns the rights of plaintiff regarding the leasehold, the complaint states no cause of action in equity. For similar reasons the complaint is insufficient, so far as it attempts to state a cause of action in equity respecting the chattels said to have been covered by the alleged mortgage and to have been taken "without the consent of and against the protest" of plaintiff. For that retaking, if it was unlawful, plaintiff had a complete remedy in an action at law. Hall v. Sampson, 35 N. Y. 274, 91 Am. Dec. 56; Newsam v. Finch, 25 Barb. 175; 7 Cyc. p. 14, and cases cited.

Taking the complaint as it is drawn, we are unable to find that it states a sufficient cause of action in equity. The demurrer should therefore have been sustained.

The interlocutory judgment must be reversed, and the demurrer to the complaint sustained, with costs to appellants in this court and the court below, with leave to plaintiff to amend his complaint within 20 days upon the payment of said costs. All concur.