(87 Misc. Rep. 175)

GEORGE v. MURRAY.

(Supreme Court, Appellate Term, First Department.   October 27, 1914.)

1. ASSIGNMENTS (§ 24*)—CLAIMS ASSIGNABLE—ACTION FOR FRAUD.
    A cause of action for damages for false representations, inducing plaintiff's assignor to indorse defendant's note, which the assignor was subsequently required to pay, is assignable.
    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 42–46; Dec. Dig. § 24.*]

2. SET-OFF AND COUNTERCLAIM (§ 49*)—SUBJECT OF COUNTERCLAIM—ACTION ARISING OUT OF CONTRACT OR TRANSACTION.
    Where plaintiff's assignor was induced by fraudulent representations to indorse defendant's note, and, being required to pay the same, assigned to plaintiff a cause of action for damages for defendant's fraud, such assignment did not render the cause of action one ex contractu; and hence defendant could not successfully plead as a counterclaim a cause of action against plaintiff's assignor for breach of contract under Code Civ. Proc. § 501, providing that a counterclaim must be a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim or be connected with the subject of the action.
    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 107–112, 114–117; Dec. Dig. § 49.*]

Appeal from City Court of New York, Special Term.

Action by Lennie L. George against William R. Murray.   From a City Court order denying plaintiff's motion for an order sustaining defendant's defense and to the counterclaim pleaded, plaintiff appeals. Reversed, and demurrer sustained.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

House, Grossman & Vorhaus, of New York City (Gerald B. Rosenheim, of New York City, of counsel), for appellant.

George E. & Ernest C. Brower, of Brooklyn (George E. Brower, of Brooklyn, of counsel), for respondent.

SEABURY, J.   This appeal presents for determination the legal sufficiency of the alleged defense and counterclaim pleaded in the answer.   The cause of action alleges that the plaintiff's assignor, one Galloway, was induced by the fraudulent representations of the defendant to become an indorser upon a promissory note signed by the defendant, that the defendant failed to pay the note, and that the plaintiff's assignor was compelled to pay the same.   The answer alleges a cause of action in contract on behalf of the defendant against plaintiff's assignor.

[1, 2]   The court below, by refusing to sustain the demurrer to the counterclaim, has held that it was sufficient.   It is clear from a reading of the complaint that the cause of action is not upon the note, but for damages caused by the false and fraudulent statements alleged to have been made by the defendant to plaintiff's assignor to induce him to become an indorser thereof.   Such a cause of action is assignable.   Keeler v. Dunham, 114 App. Div. 94, 99. N. Y. Supp. 669.   And it does not follow that, because it was assigned by Galloway to the plaintiff, it

thereby became, or was intended to become, ex contractu. The defendant's separate defense and counterclaim is one for breach of contract against plaintiff's assignor, and is not one permitted by section 501 of the Code of Civil Procedure, as it is not "a cause of action arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

Order reversed, with $10 costs and disbursements, and demurrer sustained, with costs. All concur.