(96 Misc. Rep. 252)

DENNIN v. POWERS et al.

(Supreme Court, Special Term, Monroe County. July 20, 1916.)

*(Syllabus by the Court.)*

1. CORPORATIONS ⬨473—BONDS—CANCELLATION—RIGHT OF ACTION—REMEDY AT LAW.

An equitable action for rescission of a subscription for corporate bonds carrying with them voting trust certificates, all of which have been issued and delivered, cannot be maintained on the ground that the subscription was obtained by fraud, when it appears from the complaint that plaintiff has an adequate remedy at law by action for fraud and deceit in the sale of bonds.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1842–1853, 1855; Dec. Dig. ⬨473.]

2. LIMITATION OF ACTIONS ⬨21(1)—COMPUTATION OF PERIOD—ACCRUAL OF CAUSE OF ACTION.

The limitation period upon an action at law for fraud and deceit in the sale of corporate bonds begins to run from the time of the purchase of the bonds, under Code Civ. Proc. § 382, and, six years having elapsed since such purchase prior to the commencement of the action, plaintiff's action is barred.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 90, 94, 96, 98; Dec. Dig. ⬨21(1).]

3. CORPORATIONS ⬨473—BONDS—CANCELLATION—LACHES.

A delay of four or five years after the subscriber was put upon inquiry as to the truth or falsity of alleged representations constitutes laches in bringing an equitable action for the rescission of a subscription for corporate bonds on the ground of fraud and misrepresentations.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1842–1853, 1855; Dec. Dig. ⬨473.]

4. CONTRACTS ⬨99(1)—VALIDITY—FRAUD—AFFIRMANCE.

An affirmance of an executed contract claimed to be fraudulent will be implied from the failure to disaffirm the same for a period of more than four years after its execution, and from a subsequent transfer of the property acquired under the contract, so that an equitable action cannot be maintained thereafter for the rescission of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 448–453, 1197; Dec. Dig. ⬨99(1).]

5. ASSIGNMENTS ⬨24(3), 25—RIGHTS ASSIGNABLE—CAUSE OF ACTION.

A cause of action, whether at law for fraud and deceit in obtaining a subscription for corporate bonds, or in equity for the rescission of the subscription, is assignable under Personal Property Law (Consol. Laws, c. 41) § 41, or Decedent Estate Law (Consol. Laws; c. 13) § 120.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 46, 47; Dec. Dig. ⬨24(3), 25.]

6. CHAMPERTY AND MAINTENANCE ⬨5(3)—AGREEMENT WITH ATTORNEY.

An agreement is not champertous, under section 274 of the Penal Law (Consol. Laws, c. 40), which provides for a percentage of the recovery and the advancement of the expenses of suit, to be repaid out of subsequent contributions, and the payment of additional counsel out of the fee allowed the attorney, without any personal liability on his part therefor, all secured by a lien upon, and an assignment of a percentage of, the claims in suit.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 26, 27; Dec. Dig. ⬨5(3).]

⬨For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Hannah C. Dennin against John C. Powers and others. Heard on motion of defendant Powers to strike out paragraphs of reply as sham and false, and for judgment on pleadings. Motion for judgment on pleadings granted.

This action is brought by plaintiff to rescind, for false representations, subscriptions to bonds of the United States Independent Telephone Company, carrying with them certain voting trust certificates representing stock of the company, and to recover the amounts paid therefor by plaintiff's assignors. There are 46·separate causes of action enumerated in the complaint, each based upon a separate purchase, all of which have been assigned to the plaintiff, subject to retainer agreements. The complaint is based upon false representations and fraud in the sale of the bonds, and the complaint seeks to compel the defendants to make good to her for the amounts paid for the bonds in question. A bill of particulars was furnished by plaintiff pursuant to an order from which, among other things, it appears that the latest of all the dates upon which bonds purchased were delivered to any of plaintiff's assignors is November 21, 1906.

The defendant Powers answered the complaint, denying the allegations of false representation and fraud, and alleged that plaintiff's assignors purchased their bonds long prior to December 31, 1906, and that plaintiff and her assignors had an adequate remedy at law, against which the statute of limitations had run. Plaintiff was required by order to reply to defendant Powers' answer, in which reply she denies upon information and belief the allegation in defendant's answer with reference to the purchase of the bonds, and makes various other denials and allegations.

Hubbell, Taylor, Goodwin & Moser, of Rochester (Joseph W. Taylor, of Rochester, of counsel), for the motion.

Arthur W. Weil, of New York City (Percival D. Oviatt, of Rochester, of counsel), opposed.

RODENBECK, J. [1] 1. The plaintiff has an adequate remedy at law for the cause of action set out in her complaint, and is therefore not entitled to resort to equity. This action has the form and semblance of an equity cause, but in substance it is an action at law. If the statute of limitations has not run against her claim, she may have a legal cause of action; but there is nothing in the complaint to confer jurisdiction upon a court of equity and deprive the defendant of the right to a jury trial of the issues involved. Where a person has been induced by fraudulent representations to become the subscriber for corporate bonds, he may have the remedy of rescission only when recourse to equity is necessary in order to do full justice. The usual remedy is an action at law triable before a jury. Vail v. Reynolds, 118 N. Y. 297, 302, 23 N. E. 301; Bowen v. Mandeville, 95 N. Y. 237, 239. No facts are alleged sufficient to bring the case within the equitable jurisdiction of the court. It does not appear that the plaintiff would not have a complete remedy by returning the bonds and certificates and suing at law for their purchase. The defendant would be entitled to a jury trial of this issue, of which he cannot be deprived without showing that full relief cannot be afforded plaintiff by this course. The burden is upon the plaintiff to satisfy the court that a resort to equity is necessary. The plaintiff has not met this burden.

There must be substance, and not merely form, in the demand for equitable relief, and a demand for rescission, unless necessary to af-

ford complete relief, will not justify recourse to equity. Schank v. Schuchman, 212 N. Y. 352, 356, 106 N. E. 127. An action to rescind for usury will not lie, unless the plaintiff shows that some relief is necessary that cannot be obtained at law. Allerton v. Belden, 49 N. Y. 373, 377. An action in equity will not lie to cancel bonds and to restrain the holders from transferring them, when the grounds of their invalidity are available in an action at law upon the bonds. Town of Venice v. Woodruff, 62 N. Y. 462, 20 Am. Rep. 495. An action to cancel an insurance policy on the ground of fraud will not lie, when the company can protect itself adequately by a defense in an action on the policy. Globe Mutual Insurance Co. v. Reals, 79 N. Y. 202. An action in equity will not lie to declare void and to cancel a bond and mortgage on real property on the ground of usury, when the defense can be set up in an action on the bond or to foreclose the mortgage and an adequate remedy therefor exists. Buckingham v. Corning, 91 N. Y. 525. A resort to equity will not be permitted in commercial transactions, where the vendee has been guilty of fraud, if adequate relief is obtainable at law. A. S. R. Co. v. Fancher, 145 N. Y. 552, 562, 40 N. E. 206, 27 L. R. A. 757. An action in equity will not lie to declare an assignment an equitable mortgage, and for an accounting, where the assignee is in hostile possession of the property, and an action of ejectment and for conversion of personal property involved will lie. Reich v. Cochran, 162 App. Div. 619, 149 N. Y. Supp. 1090. An action in equity will not lie to rescind a contract for the purchase of personal property upon the ground of false warranty and representations, where the plaintiff has an adequate remedy at law to recover the purchase price. Walter v. Garland Automobile Co., 164 App. Div. 183, 149 N. Y. Supp. 653. Under these authorities, and many others of like tenor that might be cited, if deemed necessary, the plaintiff is not entitled to resort to equity to rescind the bonds in question, since it is apparent that she can obtain all the relief to which she is entitled by an action at law upon the return of the bonds and certificates to recover the damages which she seeks in this action.

[2] 2. The defendant, however, is not entitled to judgment on the pleadings merely because the plaintiff asked for equitable relief. The motion for judgment on the pleadings must be denied, if the facts stated show that the plaintiff is entitled to any relief, either legal or equitable (Clark v. Levy, 130 App. Div. 389, 391, 114 N. Y. Supp. 890) so that it becomes necessary to pass upon the question of the applicability of the statute of limitations which the defendant has raised on this motion. When we come to examine this question, it is apparent why the plaintiff has sought the aid of a court of equity. If the action is one at law, the statute of limitations has run against plaintiff's claim; but if it is an action in equity, and not merely an action for a sum of money, the statute has not run. The complaint proceeds upon the theory that the plaintiff has six years from the time of the discovery of the alleged fraud in which to commence her action, and this is based upon the assumption that her action is one to procure a judgment other than for a sum of money under subdivision 5 of section 382 of the

Code of Civil Procedure. The actions referred to in that subdivision are such as were cognizable by a court of chancery on December 31, 1846, and did not include an action based on fraud to recover a sum of money, which, disguise it as you will, is the gist of the present action. The action is one at law, and the statute began to run from the date of the purchase of the bonds, which was more than six years prior to the commencement of the action, and the action is therefore barred. Ball v. Gerard, 160 App. Div. 619, 146 N. Y. Supp. 81.

Plaintiff in her complaint has carefully avoided stating when the bonds were purchased, and the only allegation with reference to the date of the discovery of the fraud is the indefinite one that it "was subsequent to July 1, 1907," which would bring it within six years prior to the commencement of the action. The defendant, however, in his answer alleges that all of plaintiff's assignors purchased their bonds prior to the 31st day of December, 1906, and that the cause of action, therefore, did not accrue within six years prior to its commencement. The plaintiff in her reply denied this allegation, although from her bill of particulars it appears that the latest of all the dates upon which the bonds were delivered to any of her assignors is November 21, 1906. A direct conflict, therefore, appears between the sworn statement of the plaintiff in her reply and in her bill of particulars with reference to the time of the purchase of the bonds. In such a situation, and upon a motion of this character, the court may examine the bill of particulars for the purpose of determining the truth or falsity of the statement in the reply. The practice on this motion is analogous to that on demurrer, and the sufficiency of the pleadings may be decided. Schleissner v. Goldsticker, 135 App. Div. 435, 436, 120 N. Y. Supp. 333. "The office of a bill of particulars is to amplify a pleading, and to indicate specifically the claim set up, while its effect is to restrict the proofs and limit the demand." Higenbotam v. Green, 25 Hun, 214, 216; Arrow Steamship Co. v. Bennett, 26 N. Y. Supp. 948. It is true that for certain purposes a bill of particulars may not be considered (Hocy v. Kilduff, 65 Misc. Rep. 555, 120 N. Y. Supp. 971); but on a motion of this kind the court is not bound to sustain a pleading where it appears from plaintiff's bill of particulars that her reply is false.

The defendant asked to have the reply with respect to the applicability of the statute of limitations stricken out as false, but this practice is not necessary. A denial cannot be stricken out as false, but a defense of new matter may be treated as sham and stricken out. Von Hagen v. Waterbury Mfg. Co., 22 Misc. Rep. 580, 49 N. Y. Supp. 465. The procedure is not entirely uniform. Sometimes the offending pleading is stricken out as sham, and again it has been treated as frivolous and relief awarded accordingly. Dahlstrom v. Gemunder, 198 N. Y. 449, 454, 92 N. E. 106, 19 Ann. Cas. 771. Adopting plaintiff's bill of particulars as an amplification of the complaint, and accepting the time stated therein of the purchase and delivery of the bonds plaintiff's causes of action are barred by the statute of limitations.

[3] 3. Even if the action be considered as properly brought in equi-

ty, the time which has elapsed since the discovery of the fraud should defeat the plaintiff on the ground of laches. The plaintiff alleges in her complaint that the discovery of the fraud was subsequent to July 1, 1907, and in her reply says that she did not discover the facts constituting the fraud at any time prior to a time in each instance which was less than six calendar years from the time when the action was instituted; but in her bill of particulars it appears that the discovery of the fraud was four or five years prior to the commencement of the action, while it appears from the complaint that on March 11, 1908, the sum of $15.16 was paid on each bond as a pro rata share of the net proceeds of a sale under a foreclosure of the mortgage given to secure the bonds.

The complaint and the reply do not conform to the requirements of pleadings where a rescission in equity is sought. In such an action the party must allege when and how knowledge of the alleged fraud was obtained, in order that the court may determine whether reasonable effort has been made to ascertain the facts, and must distinctly aver when the fraud was discovered, and how discovered, so that the court may clearly see whether by the exercise of ordinary diligence the discovery might not have been before made. Hardt v. Heidweyer, 152 U. S. 547, 558, 14 Sup. Ct. 671, 38 L. Ed. 548. The reason for this rule is that, if diligence has not been exercised in the discovery of the alleged fraud and in the assertion of the right to rescind on account thereof, the plaintiff must fail in equity on account of laches. Id., 152 U. S. 559, 14 Sup. Ct. 671, 38 L. Ed. 548. An offer to return the bonds promptly upon a discovery of the falsity of the representations was one of the elements of plaintiff's cause of action. Canadian Agency, Ltd., v. Assets R. Co., No. 1, 165 App. Div. 96, 102, 150 N. Y. Supp. 758.

The provisions of the Code of Civil Procedure relating to this motion (section 547) contain no restrictions upon the court in the consideration of the bill of particulars, and it would be a technical practice to require the court to confine itself to general and insufficient allegations in the complaint, in the face of the definite information in the bill of particulars showing that the plaintiff has unreasonably delayed the institution of this action until after the statute of limitations has run against the claim at law. When a right to rescind is claimed, it must be promptly exercised, and any substantial delay may amount to such an affirmance or waiver as to destroy the right to rescind. A delay of four or five years after the discovery of the alleged fraud is so unreasonable a time as to preclude the plaintiff from recovering, even if the action be treated as one in equity. Baird v. Mayor, etc., of New York, 96 N. Y. 567; Anderson v. Smitley No. 1, 141 App. Div. 421, 126 N. Y. Supp. 25; Davis v. Levering, 168 App. Div. 78, 153 N. Y. Supp. 772; 33 L. R. A. 724, note.

[4] 4. But not only have plaintiff's assignors forfeited their right to maintain this action by their failure to promptly disaffirm the transaction upon the discovery of the alleged fraud, but by affirmative action, particularly in assigning their bonds to the plaintiff, they have put themselves in a position where they cannot ask for a rescission.

The retention of the bonds after the discovery of the alleged fraud constitutes an affirmance on the part of plaintiff's assignors which bars a recovery. It was their duty upon the discovery of the alleged fraud promptly to disaffirm the transaction, and a failure to do so is fatal to a recovery in equity. When a fraud has been perpetrated, a party cannot accept the benefits of the transaction by retaining possession of the property, but must rescind promptly, so that the other party may be advised and act accordingly. Not only were plaintiff's assignors guilty of laches in delaying their action for four or five years after the discovery of the fraud but by the retention of the bonds and the consequent delay, and by the assignment of the bonds to plaintiff, · they have affirmed the transaction and thereby deprived themselves of the right to equitable relief. Schiffer v. Dietz, 83 N. Y. 300, 308; Pryor v. Foster, 130 N. Y. 171, 175, 29 N. E. 123.

[5] 5. The defendant further claims that the plaintiff has no standing in court because the cause of action of her assignors was not assignable. Whatever may have been the rule under the common law, the question of assignability in this state is to be determined by reference to the statutes regulating the matter. The decisions as to assignability, based upon the test of the survival of a cause of action, have been impaired by the adoption of the provisions found in the Decedent Estate Law (section 120) and the Personal Property Law (section 41). Keeler v. Dunham, 114 App. Div. 94, 97, 99 N. Y. Supp. 669. Under the provisions of the Decedent Estate Law, an action for fraud and deceit in the sale of tobacco survives the death of the defendant (Mayer v. Ertheiler, 144 App. Div. 158, 128 N. Y. Supp. 807), being a wrong done to the property, rights, or interests of another rather than a personal injury. Under the provisions of the Personal Property Law, any claim or demand may be transferred, except where it is to recover damages for a personal injury, or for a breach of promise to marry, or is expressly forbidden by statute, or contravenes public policy. There are other exceptions in the statute, but they clearly have no relevancy in this discussion.

The claim at bar is not one of the excepted causes of action referred to, is not forbidden by statute, does not contravene public policy, and is therefore assignable. The definition of personal injury does not include a cause of action like the present one. Code of Civil Procedure, § 3343, subd. 9. An action for fraudulent representations by which the indorsement of a note was secured has been held to be assignable. George v. Murray, 87 Misc. Rep. 175, 149 N. Y. Supp. 503. Likewise an action for false representation in the sale of bonds has been held to be assignable by an administrator. Wickham v. Roberts, 112 App. Div. 742, 98 N. Y. Supp. 1092. Thus it has been held that several persons who have been defrauded by false representations in the sale of stock may assign their claims to one of their number for the purpose of bringing suit. Benedict v. Guardian Trust Co., 91 App. Div. 103, 86 N. Y. Supp. 370. In the case at bar the complaint alleges that the claims were duly assigned to the plaintiff before the commencement of the action and that she is now the holder and owner thereof. It seems to me that this allegation and the decisions above

referred to establish the right of the plaintiff to institute the action, unless the agreement with her counsel is champertous and void. Richardson v. Mead, 27 Barb. 178; Allen v. Brown, 51 Barb. 86.

[6] 6. The claim that the agreement between plaintiff's assignors and their original attorney is champertous and void is also untenable. The common-law doctrine relating to champerty and maintenance no longer exists in this state (Sedgwick v. Stanton, 14 N. Y. 289), and the subject is now regulated by section 274 of the Penal Law, formerly sections 73, 74, and 75 of the Code of Civil Procedure (Irwin v. Curie, 171 N. Y. 409, 411, 64 N. E. 161, 58 L. R. A. 830; Matter of Fitzsimons, 174 N. Y. 15, 21, 66 N. E. 554). As these provisions have been construed, the attorney's agreement is not champertous. Browning v. Marvin, 100 N. Y. 144, 2 N. E. 635; Matter of Clark, 184 N. Y. 222, 77 N. E. 1; Ransom v. Cutting, 188 N. Y. 447, 81 N. E. 324; Weeks v. Gattell, 125 App. Div. 402, 109 N. Y. Supp. 977. According to these cases an attorney may agree to receive as his compensation and for expenses incurred a percentage of the recovery in an action. He may not offer or give any valuable consideration for his retainer, and his contract of employment must not tend to encourage, instigate, or promote ill feeling and strife, by securing the ownership or control of a demand of any kind for the purpose of bringing an action thereon. Ransom v. Cutting, 188 N. Y. 447, 452, 81 N. E. 324; Fowler v. Callan, 102 N. Y. 395, 398, 7 N. E. 169.

In the case at bar the attorney's agreement provided that he should have for his compensation 25 per cent. of the amount recovered, together with the taxable costs, and that he should pay the actual expenses, witness fees, or disbursements, which were to be paid out of a fund contributed by plaintiff's assignors. It also provides, in addition to the foregoing, for payment to another for assistance rendered of 10 per cent. of all sums received by the attorney. A lien upon the causes of action is provided for, and also an assignment of an interest in the claim. The assignment is intended as security for the payment of the amount stipulated, and is not an absolute assignment, so as to make the attorney and his assistant necessary parties plaintiff. There is nothing in this agreement which violates the statutes of the state relating to champerty as they have been construed by the courts.

Facts do not appear which make out a cause of action, either in law or equity, and the defendant is entitled to judgment upon the pleadings.