BLAKEMAN T. MEYER, Plaintiff, *v.* FREDERICK KAUFF-MANN, Defendant.

(Supreme Court, New York Special Term, January, 1919.)

Specific performance— when may not be decreed — action to enforce a promoter's agreement — contracts — pleading — when motion for judgment on the pleadings denied.

Where a part of a so-called promoter's agreement between plaintiff and defendant provides *inter alia* that plaintiff should organize a certain corporation, the completion of which was prevented by certain alleged breaches of the conditions of the agreement on the part of the defendant, and for aught that appears by the complaint in an action to enforce said agreement the plaintiff will not be able to complete it, and other parts of the agreement to be performed by the defendant are wholly affected by those parts which are beyond his ability to perform, and are not separable from them, specific performance as prayed for may not be decreed.

DEMURRER to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

Katz & Sommerich (Otto C. Sommerich, of counsel), for defendant and demurrant.

John J. O'Connor, for plaintiff, opposed.

GIEGERICH, J.  The plaintiff seeks to enforce in equity a so-called promoter's agreement made by him with the defendant.  The sufficiency of the complaint is assailed by demurrer.  The agreement, among other things, provided that the plaintiff should organize a certain corporation with a capital stock of $80,000, all common stock of the par value of $100 per share, and for which he was to obtain subscriptions to the amount of $8,500, and that the stock of such proposed corporation should be issued as follows:  Eighty-five shares to the cash subscribers and 715 shares to the plaintiff in return for the assignment of his contract with the American Washing Machine Manufacturing Company, and that the plaintiff should assign to the defendant 400 of said shares.  The complaint alleges that the agreement was subsequently modified by the mutual agreement of the plaintiff and the defendant whereby the proposed sales contract with the said American Washing Machine Manufacturing Company was to be made between that corporation and defendant, but that the defendant, at the same time, agreed to assign said contract, when executed, to the proposed corporation when organized, and in consideration of the payment to him of fifty per cent of the capital stock of the proposed corporation.  The complaint further alleges that after the plaintiff had performed some of the terms of the agreement on his part to be

33

performed, to wit, after he had proceeded to take some steps necessary to organize the proposed corporation and had obtained subscriptions to $6,500 of its stock, and before he had a reasonable time and opportunity to perform the other terms of the agreement to be by him performed, the defendant refused to perform the terms of the agreement on his part, and more particularly refused to assign to the proposed corporation to be organized by the plaintiff two certain specified contracts obtained by the defendant although, as alleged, the plaintiff was and is now ready and willing to perform all the terms of the said agreement on his part, and would have completed the organization of the proposed corporation and would have secured the remaining subscriptions to its capital stock but for defendant's refusal, and that the plaintiff has duly demanded performance on the part of the defendant. In the prayer for relief the plaintiff, among other things, demands judgment that the defendant be decreed and directed to carry out and perform all the covenants and conditions of the agreement between him and plaintiff on defendant's part to be performed, and that the defendant deliver, transfer and assign to the corporation to be organized by plaintiff,, when such corporation is organized, the contracts above referred to. I fail to perceive how anything can be assigned to a corporation which is not yet in existence. The demand to do so was ineffectual, as there was no corporation in existence to whom an assignment could be made. An assignment to a non-existent corporation can not be directed, especially where, as above shown, the assignment of one of the two contracts to be made by the defendant to the proposed corporation under the terms of the agreement was contingent upon the issuance to him of fifty per cent of the capital stock of the proposed corporation. The plaintiff contends,

however, that it is not impossible in the present case to carry out a decree of specific performance of the agreement, because, as claimed, the plaintiff is by the terms of the agreement to organize the proposed corporation, and that he is ready, willing and able to complete the organization of the corporation and to comply with the other terms of the contract, but that the defendant's anticipatory breach relieves the plaintiff of his obligation to proceed further. I do not see how this helps the situation. It may be that such facts show a breach of the agreement in suit entitling the plaintiff to maintain an action to recover at law the damages sustained by reason thereof, but they do not in any event entitle the plaintiff to equitable relief. The difficulty is that there is no corporation in existence, and until the organization of one is shown by the complaint, specific performance of those parts of the agreement above mentioned cannot be compelled for the reason that it is impossible for the defendant to comply with such a decree. *Perrin* v. *Smith,* 135 App. Div. 127; 26 Am. & Eng. Ency. of Law (2d ed.), 39. As already stated, the completion by the plaintiff of the organization of the proposed corporation was prevented by certain alleged breaches of the conditions of the agreement on the part of the defendant, and for aught that appears in the complaint, the plaintiff may not be able in the future to complete the same. As the other parts of the agreement to be performed by the defendant are wholly affected by those parts which are beyond his ability to perform, and are not separable from them, it is plain that specific performance of the former could not be decreed (26 Am. & Eng. Ency. of Law [2d ed.], 82, 83), and hence, the complaint fails to show an equitable cause of action as to such other parts of the agreement. Considering the complaint as a whole, I am of the opinion that the

facts alleged do not authorize an equitable action for specific performance or an incidental injunction, and as the complaint is framed solely for equitable relief the demurrer must be sustained. *Perrin* v. *Smith, supra.* The plaintiff's motion for judgment on the pleadings is therefore denied, and the defendant's cross-motion that the demurrer be sustained granted, with ten dollars costs to the defendant.

Ordered accordingly.