(112 App. Div. 742)      · ================

· WICKHAM et al. v. ROBERTS ·et al.

(Supreme Court, Appellate Division, Third Department. May 2, 1906.)

1. ASSIGNMENTS—PROPERTY ASSIGNABLE—RIGHTS OF ACTION.
. Under Code Civ. Proc. § 1910, providing that any claim or demand may be transferred, and 2 Rev. St. (1st Ed.) p. 447, pt. 3, c. 8, tit. 3, § 1, providing that, for wrongs done to the property rights or interests of another for which an action might be maintained against the wrongdoer, ·the same may be brought after the death of the person injured by his executor or administrator, a right of action for false representations, made by· defendant on a sale of property to decedent, was assignable by decedent's administrator.·

2. FRAUD—FALSE REPRESENTATIONS.
Where a seller of bonds represented to the purchaser that they were good, and also that they were a first lien upon the corporate property, and the last representation was false, as the seller knew, the purchaser might maintain an action for damages, though the bonds were considered good at the time of the sale.
[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, §§ 3–5.]

Appeal from Special Term, Delaware County.
Action by Sarah Stewart Wickham and others against John M. Roberts and others. From an order setting aside a direction dismissing

the plaintiffs' complaint and granting a new trial, defendants appeal. Affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Julien Scott, for appellants.

James R. Baumes, for respondents.

SMITH, J. These plaintiffs are two of the next of kin of Samuel Stewart, deceased. They derive their right to bring this action through assignment from the administrator of the estate of Samuel Stewart. In April, 1895, Samuel Stewart purchased of the defendant four bonds of the Bainbridge Waterworks Company. They were represented by defendant Roberts to be a first lien upon the waterworks and a good investment, and that the interest would be paid and the bonds, when due, would either be paid or refunded. It turned out, however, that there was another mortgage lien for about the sum of $10,000, prior to the lien of the mortgage which secured these bonds. After the death of Samuel Stewart, this other mortgage lien was foreclosed, and upon the sale of the property there was nothing left to apply upon the bonds held by the estate of Samuel Stewart. The administrator, in distribution of the estate, assigned this claim to these plaintiffs, who have brought this action to recover damages for the false representations of the defendant, which they claim induced the purchase of the bonds. At the trial upon the close of the plaintiffs' evidence the complaint was dismissed. From the opinion of the trial judge upon granting the order appealed from, the complaint was apparently dismissed, upon the ground that there was no proof that Samuel Stewart relied upon the representations of Roberts in making the purchase. Thereafter, upon a motion for a new trial, the trial judge set aside the order dismissing the complaint, and held that there was enough in the case to present to the jury upon the question whether Samuel Stewart did in fact rely upon the representations of the defendant in purchasing the bonds.

The opinion of the learned trial judge convinces us that, upon the question as to whether Samuel Stewart relied upon these representations, the plaintiffs had the right to the verdict of the jury. There are one or two other questions raised by the appellant, however, which are not discussed in that opinion, to which it may be well to refer. In 2 Rev. St. (1st Ed.) p. 447, pt. 3, c. 8, tit. 3, § 1, it is provided,

"For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or after his death, by his executors of administrators, against such wrongdoer, and after his death against his executors and administrators, in the same manner and with the like effect in all respects, as actions founded upon contracts."

The defendant contends that, while by this section a right of action was given to the executor or administrator, it was given to him alone and not to his assignee. He claims that in principle it is analogous to a right of action given to an executor or administrator for negligence causing the death of a party, in which class of cases he claims that it has been held that that action belongs to the administrator alone. See Mundt v. Glokner, 24 App. Div. 110, 48 N. Y. Supp. 940. The

cases, however, are not analogous. The right of action for negligence causing death is one given for the benefit of the next of kin, alone, and not for the estate, and the executor or administrator is made by the statute the special trustee of that cause of action. The cause of action here sued upon belongs to the estate, and would seem to me to be assignable within section 1910 of the Code of Civil Procedure.

It is further contended that no cause of action lies against the defendant, because it appears in the evidence that at the time of the sale of the bonds they were considered as perfectly good. That the bonds were good, however, was not the only representation made. An additional representation was made to the effect that they were the first lien upon the waterworks. This representation was false, and known to be false by the defendant when he made it, and for a credit extended upon the faith thereof the defendant would clearly be liable in damages.

The order should therefore be affirmed, with costs. All concur.