(117 App. Div. 292)

## BURKE v. HOLTZMANN.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

ABATEMENT AND REVIVAL—ACTIONS WHICH SURVIVE—INJURY TO PROPERTY.
   A cause of action against the commissioner of public works of a ciṭy to
   recover damages for his refusal to give plaintiff the preference in em-
   ployment guarantied to him as a veteran, by Civil Service Law, Laws
   1899, p. 808, c. 370, § 20, as amended by Laws 1902, p. 804, c. 270, survived
   plaintiff's death and might be sued on by his administratrix.

Appeal from Special Term, Schenectady County.

Action by Anna Burke, as administratrix of the estate of Benjamin
F. Burke, deceased, against George Holtzmann. Appeal by defend-
ant from an order denying defendant's motion to set aside the verdict
and for a new trial. Affirmed.

See 97 N. Y. Supp. 218.

The defendant was in 1904 the commissioner of public works in the city of
Schenectady. As such commissioner it was a part of his duty to employ labor-
ers upon the street. Benjamin Burke, the plaintiff's intestate, was a resident
of the city of Schenectady at that time and in January, 1904, made applica-
tion to the defendant for employment as a laborer upon the streets. Before
making such application he had furnished the papers required by the municipal
civil service commission and had been placed upon their list as eligible to the
appointment, and had been designated thereon as a veteran. The defendant
refused and neglected to give the said Burke employment until the 8th day of
August in that year. This action was brought under section 20 of the civil
service law (chapter 370, p. 808, of the Laws of 1899, as amended by chapter
270, p. 804, of the Laws of 1902) to recover damages for his refusal to give
to the relator the preference guarantied to him by the Constitution and the
statute. Upon the first trial the complaint was dismissed. Upon appeal that
judgment was reversed and a new trial was ordered; the opinion of this court
appearing in 110 App. Div. 564, 97 N. Y. Supp. 218. Upon the second trial the
case was submitted to the jury, who found in favor of the plaintiff for $152.25
Upon this verdict judgment was entered, and from this judgment and from the
order of the court denying the defendant's motion for a new trial defendant
has here appealed.

Argued before SMITH, CHESTER, KELLOGG, and COCH-
RANE, JJ.

Daniel Naylon, Jr., for appellant.
Marvin H. Strong, for respondent.

SMITH, J. The right of Benjamin F. Burke to recover as against
the defendant has been determined by us in the appeal from the judg-
ment of dismissal first rendered. We have examined the brief of the
learned counsel for the appellant wherein he reargues the questions
there decided, and we see no reason for changing the decision then
made.

Two questions are raised upon this appeal, however, which were not
raised upon the former appeal, and are not discussed in the opinion
then written.

Since the first trial and prior to the second trial Benjamin F. Burke
died. By an order of the court his administratrix was substituted in
his place. The defendant claims upon this appeal that the cause of
action did not survive, and that this plaintiff has no cause of action.

The action, however, was not one for personal injury. It was for an injury to his property interests. If this were an action for wages under a broken contract of service, there would be no question that the cause of action would survive, and yet this is the nature of the action given by the statute, and because given by the statute its nature is not altered nor is the claim made the less assignable, which is the test of its survivability. We think the right of survival is determined by decisions in analogous cases. Matter of Meekin v. Brooklyn Heights Railroad Company, 164 N. Y. 145, 58 N. E. 50, 51 L. R. A. 235, 79 Am. St. Rep. 635; Morenus v. Crawford, 51 Hun, 89, 5 N. Y. Supp. 453; Cregin v. Brooklyn Crosstown Railroad Company, 75 N. Y. 192, 31 Am. Rep. 459.

Again, it is objected that it appears by the confession of Burke himself that he did not seek other employment, which fact would prevent his recovery, or at least authorize a nominal verdict only under the case of Ruland v. Waukesha Water Company, 52 App. Div. 280, 65 N. Y. Supp. 87. A sufficient answer to this proposition in this case, however, would seem to be that the plaintiff's assignor, for a part of the time at least, was excused from seeking other similar employment by the promise of defendant's representative to give him employment upon the streets after the ice and snow had been gotten out. It may be that after he was finally refused employment he could not recover if he wholly neglected to seek similar employment elsewhere. But this proposition was not presented to the trial courts, and the jury was not asked to be instructed as to the application of this rule after the final declaration of the defendant that intestate would not be employed because of the failure to get the recommendation of the alderman of his ward.

We see no other grounds for reversal of the judgment, and conclude that the judgment and order should be affirmed, with costs. All concur.