his part as a matter of law, for the reasons, first, that he was under no legal obligation to look ahead before getting upon the car to anticipate possible obstructions in the track or near it, and, second, he had his duties to perform, which he was doing after he boarded the car, these duties required his attention elsewhere than to the track ahead, and he had a right to rely upon other users of the highway performing the duty they owed to the trolley company, and to passengers upon its cars, not dangerously to obstruct their passage. If the thing was caused by the negligence of both the defendant and the motorman, a fellow employé of the plaintiff, the defendant would still be liable.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.

---

## MASS v. KUHN.

(Supreme Court, Appellate Division, First Department. January 8, 1909.)

1. BANKRUPTCY (§ 196*)—DISSOLUTION OF EXECUTION.

    A mere adjudication of bankruptcy, where there has been no discharge or stay of prosecution of actions against the bankrupt, does not operate to discharge defendant; nor is it ground for setting aside an execution on the salary of a city employé.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 310; Dec. Dig. § 196.*]

2. BANKRUPTCY (§ 391*)—DISCHARGE—JURISDICTION OF COURT.

    If a claim is one from which a discharge in bankruptcy is a release, a stay of prosecution under the provisions of Bankr. Act July 1, 1898, c. 541, § 11, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426), may be obtained on application to a state court.

    [Ed. Note.—For other cases see Bankruptcy, Cent. Dig. § 649; Dec. Dig. § 391.*]

3. BANKRUPTCY (§ 196*)—RIGHT TO ENFORCE JUDGMENTS—STAY OF PROCEEDINGS.

    Until a stay of proceedings is obtained by a bankrupt, parties have the right to prosecute actions or enforce collections of judgments; and this is especially true where the property levied on is a portion of the current salary of the bankrupt, which cannot be applied to the payment of his general debts, and which would not pass to his trustee in bankruptcy.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 196.*]

Appeal from Trial Term, New York County.

Action by Samuel Mass against Frank Kuhn. From a judgment vacating an execution against the salary of defendant, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Frederick Klein, for appellant.
Ernest H. Wells, for respondent.

HOUGHTON, J. The defendant is an employé of the city of New York, in receipt of a salary of more than $12 per week. The plaintiff holds judgment against him and obtained the issuance of an execution under the provisions of section 1391 of the Code of Civil Procedure, directing application by the city of 10 per cent. of the defendant's

salary on such judgment. Within a month after the issuance of such execution the defendant filed a petition in bankruptcy and was adjudged a bankrupt. Thereupon the defendant moved to set aside the execution, which motion was granted.

The moving papers do not disclose that the defendant has been discharged in bankruptcy, nor do they show that the bankruptcy court or this court has granted any stay of prosecution of actions against the bankrupt, or stayed the collection of the plaintiff's judgment. A mere adjudication of bankruptcy does not operate to discharge a defendant, nor does it operate as a stay against prosecution of a claim. If the claim be one from which a discharge in bankruptcy would be a release a stay of prosecution or collection under the provisions of section 11 of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]) may be obtained on application to the state court. Until such stay is obtained, however, parties have the right to prosecute action or enforce collection of judgments. In re Geister (D. C.) 97 Fed. 322. Especially is this so where, as in the present case, the property levied upon is a portion of the current salary of the bankrupt, which could not be applied to the payment of his general debts, and which would not pass to his trustee in bankruptcy. Until a stay of collection is obtained, the plaintiff has a right to the continuance of his execution and the appropriation on his judgment of 10 per cent. of the defendant's salary. The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs and the execution reinstated. All concur.