WILLIAM H. SMITH, Respondent, *v.* ENDICOTT-JOHNSON CORPORATION, Appellant.

Third Department, December 28, 1921.

Executions — garnishee execution — assignee of judgment against employee and of garnishee execution may maintain action against employer — Code of Civil Procedure, § 1391, construed and applied — said section not unconstitutional.

The assignee of a judgment against an employee and of a garnishee execution issued under section 1391 of the Code of Civil Procedure against the employer may maintain an action against said employer under said section of the Code of Civil Procedure to recover the amount which the employer should have paid by virtue of the execution.

A garnishee execution is simply a remedial process allowed by said section 1391 to be issued by the court, or a judge of a court of record, against an employer without notice to the judgment debtor and upon satisfactory proof of the required facts, to collect the amount due on a judgment against an employee, and said section does not contravene public policy and is not unconstitutional.

APPEAL by the defendant, Endicott-Johnson Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 23d day of July, 1921, upon the decision of the court rendered after a trial without a jury at the Broome Trial Term.

*Maurice E. Page* [*Bruce L. Babcock* with him on the brief], for the appellant.

*Moe Goldstein,* for the respondent.

VAN KIRK, J.:

The Endicott-Johnson Company was a partnership conducting a manufacturing business and employing many persons. On the 1st day of April, 1919, the Endicott-Johnson Corporation, this defendant, was organized to take over the business of the partnership, and it took over all the assets and assumed all the liabilities of the partnership on April 17, 1919. Three

separate judgments were procured by different plaintiffs against employees of this corporation (the defendant here). An execution was issued upon each of said judgments and was returned unsatisfied   Thereupon in each case an application was made for a garnishee execution.   The court ordered such execution issued and such execution in each case was presented by the sheriff to the corporation, which retained the same, and in each case the corporation refused to comply with the garnishee order and refused to apply any of the wages of the defendant named in the execution to the payment of the execution, although in each case sufficient wages were due or became due the employees to pay the execution.   Section 1391 of the Code of Civil Procedure contains this:  " Either party may apply at any time to the court from which such execution shall issue, or to any judge or justice issuing the same, or to the county judge of the county,  *  *  *  upon such notice to the other party as such court, judge, or justice shall direct for a modification of said execution, and upon such hearing the said court, judge or justice may make such modification of said execution as shall be deemed just, and such execution as so modified shall continue in full force and effect until fully paid and satisfied, or until further modified as herein provided."   No application was made for a modification of the execution in either case above referred to. In all essential facts, each case is like the other, with one exception — the first judgment was procured and the first garnishee execution issued and presented to this defendant corporation on the 12th day of April, 1919, after it was duly organized, but before it had actually taken over the assets of the partnership.   But I do not. think this distinguishes the cause of action based upon this judgment and execution from the others, because the execution was retained and the earnings of the defendant employee, after April 17, 1919, when the corporation took over the business, were more than sufficient, applying the amount of the percentage directed in the order, to pay the judgment; and section 1391 of the Code of Civil Procedure (which is now section 684 of the Civil Practice Act), provides that a garnishee execution issue against the wages of the judgment debtor and, on presentation of such execution by the officer to the person from

whom wages are due, or may thereafter become due and owing to the judgment debtor, " said execution shall become a lien and a continuing levy upon the wages  * * *  due or to become due to said judgment debtor to the amount specified therein which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid or until modified as hereinafter provided." The three causes of action set forth in the complaint, each based upon the failure of this defendant to comply with the garnishee order, as above stated, may be treated as identical.

The plaintiff in this action was the judgment creditor in the third execution set forth in the complaint. The first and second causes of action are based upon judgments and garnishee executions procured by others than the plaintiff herein, and they, judgment creditors of the employees of the defendant, have each assigned, prior to the commencement of the action, all the right, title and interest in and to the judgment, execution and right of action thereunder, to the plaintiff, who thereupon became the true and lawful owner thereof in each case. Section 1391 of the Code of Civil Procedure provides: " It shall be the duty of any person or corporation, municipal or otherwise, to whom said execution shall be presented, and who shall at such time be indebted to the judgment debtor named in such execution, or who shall become indebted to such judgment debtor in the future, and while said execution shall remain a lien upon said indebtedness to pay over to the officer presenting the same, such amount of such indebtedness as such execution shall prescribe until said execution shall be wholly satisfied, and such payment shall be a bar to any action therefor by any such judgment debtor. If such person or corporation, municipal or otherwise, to whom said execution shall be presented shall fail, or refuse to pay over to said officer presenting said execution, the percentage of said indebtedness, he shall be liable to an action therefor by the judgment creditor named in such execution, and the amount so recovered by such judgment creditor shall be applied towards the payment of said execution."

The causes of action set forth in the complaint are based upon this last-quoted provision of the statute, and it is claimed

by the appellant that, as to the first and second causes of action, assigned to the plaintiff, there can be no recovery because this is a right of action existing solely under this statute and the liability to an action is given to the " judgment creditor named in such execution," without naming the assigns of the judgment creditor. Whatever the cause of action on which the judgment has been recovered, the judgment is in the nature of a contract between the judgment debtor and the judgment creditor, and the assignment of the judgment and execution is the assignment of a contract obligation. The assignment of the claim the judgment creditor had against this defendant is an assignment of a right of action upon a liability imposed by statute; this right of action is a chose in action. (*People* v. *Tioga C. P.*, 19 Wend. 73, 75; *Gillet* v. *Fairchild*, 4 Den. 80, 82.)

The general rule is that all rights of action in tort, which do not apply to the person strictly, but are for injury to one's property or estate, are assignable. (5 C. J. 889.) A right of action for the wrongful conversion of personal property is assignable. (*McKee* v. *Judd*, 12 N. Y. 622.) A right of action under the Sherman Anti-Trust Act (26 U. S. Stat. at Large, 209, chap. 647; Id. 210, § 7),* approved July 2, 1890, to recover treble damages for a conspiracy in restraint of trade, is assignable. (*United Copper Securities Co.* v. *Amalgamated Copper Co.*, 232 Fed. Rep. 574, 577.) A cause of action against the commissioner of public works of Schenectady, to recover damages for the refusal of defendant to allow the preference of a veteran, given by the Constitution and statute, is an action for an injury to property rights, is assignable and survives. (*Burke* v. *Holtzmann*, 117 App. Div. 292, 293.)

In the instant case the action is to recover the amount due on a contract. All the facts are established necessary to subject this defendant, because it failed to obey the statute, to liability for this contract debt. The fact that the liability is given by statute does not change its nature. This statutory liability does not run to a particular class, nor is it in the nature of a personal privilege, not intended by the statute to be enjoyed by another, as in the case of a penalty; it is a

---

* See 38 U. S. Stat. at Large, 730, chap. 323; Id. 731, § 4.— [REP.

liability in the process afforded to collect a contract indebtedness and is a liability for an injury to property rights. (See *Wickham* v. *Roberts*, 112 App. Div. 742, 744.) Any judgment creditor of the employee may apply for and the court must grant a garnishee execution. Such execution, therefore, could be had upon any assigned claim. It would be too narrow a construction of the statute to hold that it intended to deny the right to the assignee of the judgment creditor, who would have enjoyed the right had he taken an assignment of the indebtedness, recovered the judgment thereon in his own name and received thereon a garnishee execution which the employer refused to pay. Claims of this character are often small; so small that a recovery thereon in the Supreme Court would not carry costs.

The appellant contends that the statute (Code Civ. Proc. § 1391) is unconstitutional and offends against public policy. The judgment against the employee was regularly recovered and was valid. The execution issued thereon and returned unsatisfied was the usual and legal process for realizing the amount found due by the judgment. The garnishee execution is simply a remedial process allowed by statute to be issued by the court, or a judge of a court of record, without notice to the judgment debtor and upon satisfactory proof of the required facts, to collect the amount due on the judgment; but either party may at any time apply to the court for a modification of the execution. We think the Court of Appeals has passed upon these questions. In *Laird* v. *Carton* (196 N. Y. 169) it held that an execution against wages, under section 1391 of the Code of Civil Procedure, can lawfully be issued on a judgment recovered before the amendment of September 1, 1908 (Laws of 1908, chap. 148), which permitted that such an execution issue on any money judgment. If the statute were unconstitutional the execution could not have been lawfully issued. In *Brearley School* v. *Ward* (201 N. Y. 358) the court passed directly on the constitutionality of this statute, holding that an execution can lawfully be issued, under this section of the Code, against the income of a trust fund. GRAY, J., dissented, not upon the ground that the law was unconstitutional, but on the ground that the statute in question did not affect trusts created prior to its enactment.

We conclude that the questions in the case were properly disposed of by the trial court, and that the judgment should be affirmed, with costs.

Present — JOHN M. KELLOGG, P. J., WOODWARD, COCHRANE, H. T. KELLOGG and VAN KIRK, JJ.

Judgment unanimously affirmed, with costs.