Charles Lambiase, J.
Defendant has been ordered on application of plaintiff to show cause ‘ ‘ why an execution against the person of the above named defendant, Frank J. Degus, should not be issued herein ”. (Order, dated April 20, 1960.)
The judgment herein provides, among other things, that funds in the hands of the defendant:
“ [Constituted and are trust funds in the hands of the said defendant, Frank J. Degus, contractor, to be first applied by him to the payment of claims of materialmen arising out of the improvement, and it is further
‘1 Adjudged that the defendant, Frank J. Degus, contractor is liable to the following named parties to this action in the amounts stated for labor or services performed, materials furnished or otherwise in connection with such improvement and said parties are entitled to share in such trust funds and to receive payment therefrom ”. (Order and judgment, dated Dec. 30, 1959.)
Plaintiff states that an execution against the property of the defendant has been duly issued and returned wholly unsatisfied.
Defendant’s attorney alleges in his answering affidavit among other things:
“ That on the 4th day of February, 1960, the defendant Frank J. Degus was duly adjudged a bankrupt by a petition filed in the U. S. District Court for the Western District of New York. # * #
‘ ‘ That the said plaintiff, Territory Wholesale Supply, Inc. was duly listed as a creditor on the Bankruptcy Schedules and duly notified by notice. * * *
*71 “ That said judgment is clearly a claim dischargeable in Bankruptcy and does not come within the exceptions of debts that are not dischargeable in bankruptcy as set forth in the bankruptcy act, Section 17. * * *
“ That the said bankruptcy of the defendant, Frank J. Degus has the effect of discharge of all claims of creditors unless said claims specifically fall within the exceptions enumerated in Section 17 of the Bankruptcy Act and a discharge in bankruptcy wipes out all civil remedies to collect on a judgment.”
We do not think that the foregoing is of any help to the defendant.
“ The moving papers do not disclose that the defendant has been discharged in bankruptcy, nor do they show that the bankruptcy court or this court has granted any stay of prosecution of actions against the bankrupt or stayed the collection of the plaintiff’s judgment. A mere adjudication of bankruptcy does not operate to discharge a defendant, nor does it operate as a stay against prosecution of a claim.” (Maas v. Kuhn, 130 App. Div. 68, 69.) Motion is in all respects granted.