Evariste G. Lavigne, J.
This is a motion by plaintiffs for summary judgment for the sum of $374.21 with interest from January 27, 1966. Among other things, plaintiffs claim that on the 9.th day of September, 1966, judgment was entered in this court in favor of plaintiffs against Donald G. Moreira and Maria Moreira. Plaintiffs further show that a transcript of this judgment was filed in the Albany County Clerk’s office on September 21, 1966. Thereafter, and on October 27, 1966, an income execution against the salary of Donald G. Moreira was served upon his employer, the defendant herein, directing said employer to deduct and pay over to plaintiffs 10% of the income of said employee. Plaintiffs ’ moving papers recite further that on June 15, 1967 said income execution was returned by the Sheriff of Albany County with .the notation that said Donald G. Moreira was no longer employed by defendant herein. Apparently this action is to recover moneys that defendant herein was directed to deduct from the salary of the said Donald G. Moreira.
It appears and is conceded by both parties in the case that the said Donald G. Moreira was adjudicated a bankrupt on November 28, 1966. Apparently the sum plaintiffs seek to recover from this defendant represents the total amount that plaintiffs claim defendant should have deducted from the income of Donald G. Moreira up until the time that said judgment debtor was adjudicated a bankrupt.
*573 In opposing this motion, defendant contends that section 67 (snbd. [a], par. [1]) of the Bankruptcy Act (U. S. Code, tit. 11, § 107, subd. [a], par. [1]) absolved this defendant from making any deductions from the income of the judgment debtor, because the levy was not made within the four-month period previous to the filing of a petition under the Bankruptcy Act. Defendant further asserts that the judgment of plaintiffs was listed in said petition, and was discharged by virtue of the bankruptcy adjudication. Also, defendant contends that judgment creditor had knowledge of the bankruptcy proceeding, and that defendant herein should not pay over the money it was directed to deduct from judgment debtor’s income as directed by execution.
It seems well established that an employer is bound to obey the directive contained in an execution filed with such judgment, unless such employer is stayed or directed by an order of a court of competent jurisdiction to do otherwise. (Suffolk Plumbing Supply Corp. v. Kaider, 9 Misc 2d 108, 109.) In this case cited, deductions were made under a garnishee execution and subsequently turned over by the Sheriff to the judgment debtor following his being adjudicated a bankrupt. In that case the court stated: “ ‘ While a discharge in bankruptcy frees the wages of the bankrupt earned subsequent to the adjudication from the effect of a garnishee execution, in the instant ease the sheriff, subsequent to the adjudication, collected moneys under an execution which was valid and enforceable, as it had not been modified and the sheriff had not been stayed. Those moneys * * * belong to the judgment creditor. ’ ”
A mere adjudication of bankruptcy does not operate to discharge a defendant, nor does it operate as a stay against prosecution of a claim. (Maas v. Kuhn, 130 App. Div. 68; Territory Wholesale Supply v. Degus, 25 Misc 2d 70.)
Until a stay is obtained, or until the court directs otherwise, a party has a right to prosecute an action or enforce the garnishee of a judgment. (Matter of Geister, 97 F. 322.) This is especially true here, as in the present case, the property levied upon is a portion of the current salary of the bankrupt which could not be applied to the payment of his general debts, and which could not pass to his trustee in bankruptcy. Until a stay of collection is obtained, plaintiff has a right to the continuance of his execution, and the appropriation of his judgment of 10% of .the judgment debtor’s salary.
The defense offered is not tenable. The question of knowledge on the part of the employer of the insolvency of its employee cannot serve as a bar to the order of the court, which *574 the defendant herein was compelled to obey until such time as some court otherwise ordered or until such time as the garnishee execution was stayed.
The motion of plaintiffs is granted, and plaintiffs are awarded judgment in the sum of $374.21 with interest from January 27, 1966 together with costs.