OPINION OF THE COURT
Herman Cahn, J.
Petitioner moves for summary judgment against respondent in the amount of $4,150 on the ground that respondent, as garnishee, has failed to comply with the terms of an income execution served upon it.
In 1959, petitioner recovered a judgment against one Samuel Begleiter, who was then and is now respondent’s employee. An income execution was issued and after service upon the judgment debtor, and his default thereon, the execution was served on respondent on May 31, 1967. The income execution recited that a judgment had been entered in the sum of $7,064.54 including costs “of which $4,984.54 together with interest thereon from November 25, 1959 remains due and unpaid.”
It is uncontroverted that the figure $4,984.54, the amount of principal outstanding on the judgment was the only figure disclosed, although the execution recited that interest remained due and unpaid. The Sheriff had not calculated the interest, fees and expenses or notified respondent of the exact amount due on the income execution which included said sums. According to respondent’s payroll procedures, this lump-sum amount was recorded in its payment ledger, and since no further notice, as to the exact *781 amount was ever received from the Sheriff, the figure recorded was never adjusted to include interest, fees and expenses.
Although respondent contends that it only commenced payment on the income execution in November, 1975, after properly notifying the Sheriff, petitioner contends it received eight payments between October, 1970 and February, 1972, before payments were again resumed in 1976. Payments on the income execution then continued monthly until $4,984.54, by respondent’s calculation, had been paid in full. Petitioner claims it has in fact been paid $5,649.68.
Thereafter, there was an approximate 25-month period when no payments were made. Respondent contends that it first received notice of the claimed default on October 20, 1981, when it received notice from the Sheriff’s office that petitioner’s judgment had not been satisfied and that the income execution was still alive. On November 2, 1981, respondent’s payroll clerk wrote to the office of the Sheriff, advising that although their records indicated that the final payment was made in July, 1980, the Sheriff should advise respondent if any interest remained due and unpaid. Shortly thereafter, on November 13, 1981, respondent received notice of the actual amount of principal, interest, fees and expenses still outstanding on the judgment. Respondent immediately resumed making deductions from the employee’s salary and it stated that it will continue to do so until the judgment is satisfied or the employee leaves respondent’s employ.
In December, 1981, petitioner’s attorney began a course of correspondence with respondent, through May 25,1982, for the purpose of ascertaining the amount of salary the employee had collected and to advise respondent that interest, for the period of default was due and owing. On July 30, 1982, petitioner commenced this proceeding against respondent asserting respondent is liable for $4,150 in defaulted payments.
It is respondent’s position on this motion that not only did the income execution fail to meet the requirements of CPLR 5231, in that the Sheriff failed to adequately disclose *782 the amount of interest, fees and expenses due and owing on the judgment, but further, that it is not respondent’s duty under the applicable statutes to compute the amount of interest due on a judgment together with costs and fees. Respondent also argues that petitioner is estopped from proceeding herein by the doctrine of laches.
Petitioner argues that as an employer, respondent was duty bound to comply with the terms of the income execution notwithstanding the fact that interest, etc., had not been computed. In fact, the computation of interest was “a matter of arithmetical computation on the part of the employer”. (Smith v Endicott-Johnson Corp., 199 App Div 194, affd 234 NY 628, affd 266 US 291.)
The law is well settled that an employer is bound to obey the directive contained in an income execution, unless stayed. (Germana v Greyhound Lines, 56 Misc 2d 572.) A garnishee’s failure to discharge that obligation renders him personally liable for the amount not withheld (Starke v Beckwith Special Agency, 227 NY 42), and a proceeding against the garnishee is authorized under CPLR 5231 (subd [e]).
CPLR 5231 (subd [a]) sets forth the statutory requirements as to the form, and the information such income execution must contain. CPLR 5231 (subd [a]) reads: “An income execution shall specify, in addition to the requirements of subdivision (a) of section 5230, the name and address of the person from whom the judgment debtor, is receiving or will receive money; the amount of money, the frequency of its payment and the amount of the installments to be collected therefrom; and shall contain a notice to the judgment debtor that he shall commence payment of the installments specified to the sheriff forthwith and that, upon his default, the execution will be served upon the person from whom he is receiving or will receive money.” Although it is apparent that the income execution in question, a commonly used form, complied with said requirements, the issue remains as to which party was ultimately responsible for the computation of interest, or more accurately which party will bear the burden of the loss for failure so to compute and deduct.
*783 “CPLR 2223 compels an officer to whom a mandate is delivered for execution to execute such mandate according to its command. This provision covers the situation presented here, i.e., a Sheriff enforcing the provisions of an income execution. (See General Construction Law, § 28-a; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2223, par C2223:!.)” (Matter of Beneficial Discount Co. of N. Y. v Spike, 91 Misc 2d 733, 734-735.)
CPLR 5231 (subd [i]) requires the Sheriff to whom an income execution is delivered to account for and pay over to the person entitled to it all the money he has collected less his fees and expenses. The Sheriff is directed to perform this duty at least once every six months. “[A]n execution directed to the sheriff to satisfy the judgment, and referring to the interest owing after entry of judgment, ‘requires the Sheriff to compute the interest due from the date of entry to the date of satisfaction. The sheriff’s failure to compute such interest is considered to be a failure to execute a mandate as required by CPLR 2223.’ ” (6 Weinstein-Korn-Miller, NY Civ Prac, par 5230.11; see, also, par 5231.32.) “While the task of computing the interest due may be burdensome upon the respondent’s department, to fail in doing so constitutes noncompliance with CPLR 2223.” (Matter of Beneficial Discount Co. of N. Y. v Spike, supra, p 736.) Thus, the duty is not on respondent in the first instance to compute the interest, fees and expenses. Although petitioner states that the respondent must have received various notices of default from the Sheriff’s office according to the regularly followed procedure, there is no proof that said notices were ever sent or received.
Accordingly, petitioner’s motion for judgment against respondent is denied.