■ WILLIAM BEEFERMAN, INC., Respondent, v W.J.K. ASSOCI-ATES, INC., et al., Appellants.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered July 20, 1988, which denied defendants' motion to dismiss the first and second causes of action, is unanimously modified, on the law and on the facts, to the extent of granting the motion to dismiss the second cause of action, and except as thus modified, otherwise affirmed, without costs.

William Beeferman, Inc. (Beeferman) and W.J.K Associates, Inc. (W.J.K.) are New York corporations.

Beeferman (plaintiff), in 1988, commenced an action against W.J.K. and Messrs. Walter Kehoe and Norman Leavitt (defendants) to recover for breach of contract, conversion, and fraud, damages and punitive damages.

The verified complaint alleges, in substance, in the first cause of action, defendants breached an oral contract with plaintiff, in that they failed to pay plaintiff $25,860.66 for labor services and materials which were furnished during the period between October 1, 1987 and November 17, 1987, concerning 17 electrical service jobs; and in the second cause of action, the defendants, after being paid in full by third parties concerning the 17 electrical service jobs, mentioned *supra,* converted those funds to their own use, and "as a result of their actions the [d]efendants conspired to and did knowingly and willfully defraud the [p]laintiff of monies rightfully due and owing to the [p]laintiff".

In response, the defendants moved to dismiss the first cause of action upon the ground the plaintiff failed to comply with the Statute of Frauds (CPLR 3211 [a] [5]) and the second cause of action for failure to state a cause of action (CPLR 3211 [a] [7]). Plaintiff opposed. The IAS court denied that motion.

After our review of the record, we find that plaintiff has not stated a cause of action for either conversion or fraud in its second cause of action. First, as to its conversion claim, plaintiff has not presented evidentiary facts which are sufficient to raise a triable issue of fact that it had an ownership interest in any specifically identifiable funds allegedly received by defendants from third parties concerning the subject 17 electrical service jobs *(Peters Griffin Woodward v WCSC, Inc.,* 88 AD2d 883, 884 [1st Dept 1982]). Second, as to its fraud claim, plaintiff has not alleged that defendants made "misrepresentations of existing facts" *(Irving Trust Co. v La Pilar Realty,* 56 AD2d 532 [1st Dept 1977]).

Based upon our analysis, *supra,* we find that the IAS court erred in denying defendants' motion to dismiss the second cause of action. Accordingly, we modify the IAS order, insofar as to grant that motion, and otherwise affirm.

We have considered the other points raised on appeal, and find them to be without merit. Concur—Kupferman, J. P., Ross, Milonas, Wallach and Rubin, JJ.