OPINION OF THE COURT
David O. Boehm, J.
This action brought by plaintiff, Clients’ Security Fund of *158 the State of New York, seeks to recover, as subrogee or assignee of David A. Lindsay, funds which were converted by Peter Harris, the attorney he retained to represent him in the sale of his real property in East Rochester. The purchaser of the property obtained a mortgage loan from defendant bank, Goldome. A check for $17,418.01, representing the net proceeds of the sale of Lindsay’s property, was drawn upon the account of the attorneys for defendant and made payable, on the instruction of Peter Harris, to his father, also an attorney. Thereafter, Harris obtained the check and presented it to the defendant, Goldome, which accepted the check and credited the face amount to the personal account of Harris, who then converted the proceeds to his own use.
When Lindsay learned of the conversion, he made a demand upon defendant for the amount of the converted funds. Defendant denied responsibility. Lindsay then filed a claim with the plaintiff. Plaintiff’s board of trustees determined that Lindsay’s loss merited payment and, pursuant to Judiciary Law § 468-b (2), reimbursed Lindsay for his full loss of $17,418.01. Lindsay executed a subrogation agreement, in which he assigned and transferred his rights to the plaintiff.
Defendant now moves for summary judgment dismissing the complaint. Plaintiff cross-moves for summary judgment in its favor. Defendant’s motion is grounded upon a number of arguments, most importantly that the plaintiff has no standing to maintain this action, since it was without statutory authority to reimburse Lindsay.
The facts are undisputed. In early November 1986 (no one appears to recall the exact date), Lindsay retained Harris to represent him. Several weeks before the closing, Harris contacted Lindsay and told him that he was getting out of the legal business, and that his father would handle the closing. Unknown to Lindsay, Harris was then charged with certain acts of professional misconduct, a charge which was pending before the Grievance Committee of the Seventh Judicial District. In order to avoid the imposition of disciplinary sanctions, Harris submitted his resignation from the Bar on October 28, 1986. The resignation was accepted by the Appellate Division, Fourth Department, on November 10, 1986.
Lindsay did not attend the November 20, 1986, closing but, in accordance with earlier instructions from Harris, had signed the required papers and delivered them to Harris’ father, who arranged to have the closing attended by another attorney, David Morabito.
*159 At the closing, Morabito received a check in the amount of $17,418.01 from defendant, the purchaser’s mortgagee. The check, which represented the net proceeds from the sale of Lindsay’s property, was made payable to Harris’ father, as attorney. Morabito turned the check over to Harris to forward to his father. However, Harris negotiated the check by forging his father’s name.
The subrogation agreement executed by Lindsay in favor of plaintiff reads, in part, as follows:
"In consideration of such award, Claimant hereby assigns and subrogates to the Clients’ Security Fund, to the extent of Claimant’s award, all rights, claims and judgments that Claimant has or may have against such Attorney, the Attorney’s heirs, assigns, estate, law partners, law partnerships or successors in interest, and any other person or entity who may be liable for claimant’s loss.
"Claimant also transfers and assigns to the Clients’ Security Fund all causes of action that Claimant possesses in connection with the issuance, negotiation and misappropriation of a negotiable instrument dated November 20, 1986, which was made payable to George F. Harris, As Attorney.”
Defendant advances two arguments in support of its motion for summary judgment. It contends, first, that since Harris’ father, and not Lindsay, was the payee on the check, the plaintiff, whether as subrogee or assignee, does not have standing to bring this claim against the defendant. This argument is without merit.
Section 3-419 (1) of the Uniform Commercial Code provides:
"An instrument is converted when * * *
"(c) it is paid on a forged indorsement.”
Such conversion "has all the attributes of the common-law action of conversion” (6 Anderson, Uniform Commercial Code § 3-419:25 [3d ed]). To state a cause of action for conversion, a plaintiff need only allege either an ownership interest or a right of possession in any specifically identifiable funds (William Beeferman, Inc. v W.J.K. Assocs., 151 AD2d 233, 234). This is precisely what plaintiff alleges here. The mere fact that Lindsay was not named as payee on the check is of no consequence since the "rightful owner” of a check, although not named as payee, has standing to sue (Tubin v Rabin, 382 F Supp 193, 197, supp opn 389 F Supp 787, 788, affd 533 F2d 255).
*160 The second and more important argument raised by defendant is that the plaintiff lacked authority to reimburse Lindsay’s loss because the loss occurred after Harris’ resignation as an attorney and, therefore, plaintiff has no standing to bring this action, either as a subrogee or assignee.
The statutory (Judiciary Law § 468-b [2]) and regulatory (22 NYCRR 7200.8 [a]) language gives rise to a novel issue as to whether the plaintiff was authorized to make good Lindsay’s loss, given the undisputed fact that the conversion occurred after Harris’ resignation from the Bar. However, this is an issue that need not be decided at this time. Even assuming that plaintiff exceeded its authority, this would not be a defense. Regardless of whether the plaintiff was legally authorized to reimburse Lindsay, plaintiff may properly assert Lindsay’s rights against the defendant for conversion, both as subrogee and assignee.
Indeed, as the plaintiff correctly argues, defendant itself lacks standing to collaterally attack plaintiff’s payment to Lindsay. By statute, the plaintiff has "sole discretion to determine the merits of claims presented for reimbursement” (Judiciary Law § 468-b [4]). Defendant was neither a party to Lindsay’s claim against Harris, nor is it aggrieved by the plaintiff’s determination that Lindsay should be reimbursed for the misappropriation by Harris of a client’s money. A lawsuit could have been brought directly against the defendant by Lindsay and, if warranted, a recovery had. Plaintiff simply stands in the shoes of Lindsay. Nor has defendant pleaded in its answer any statutory bar against a recovery by plaintiff, except UCC 3-405, 3-406 and 4-406 which, as already discussed, do not operate as a defense.
A mere volunteer who, without a duty, right or interest of his own, pays the debt of another is not entitled to subrogation (23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 31). However, the rule is inapplicable in cases such as this where the volunteer and the party paid enter into a subrogation agreement (see, Turner v Woolworth, 221 NY 425; see generally, 23 NY Jur 2d, Contribution, Indemnity, and Subrogation, §§ 26, 31). Thus, the absence of statutory authority to make good Lindsay’s loss would not defeat plaintiff’s subrogation rights.
Furthermore, with some limited exceptions, virtually all claims and causes of action are assignable (see, General Obligations Law § 13-101; see generally, 6 NY Jur 2d, Assignments, *161 §§ 4, 12), including claims for conversion (see, Smith v Endicott-Johnson Corp., 199 App Div 194, affd 234 NY 628, affd 266 US 291). Prosecution of an assigned claim does not require that the consideration for the assignment be given by one with a preexisting obligation or some right or interest of his own to protect (see, Cohn v Rothman-Goodman Mgt. Corp., 155 AD2d 579).
As stated, it is not necessary to reach the issue of whether the plaintiff was required or authorized under the Judiciary Law and the regulations thereunder to reimburse Lindsay. However, if it were necessary to reach that question, it would be sufficient to note that Harris was retained by Lindsay while he was still an attorney and the misappropriation of funds arose solely out of their original lawyer-client relationship.
Accordingly, defendant’s motion for summary judgment is denied, and plaintiff’s cross motion is granted.